ADMINISTRATOR, ETC., OF JOHN M. MILLER, DEC'D, v. THOMAS MONTAGUE, ET AL.

1. Under the chancery act of 1831, where, in proceedings to restrain the defendant from alienating certain real property, the plaintiff was ordered to give bond, *according to law*, in the sum of $500, the same is simply a bond of indemnity, and nothing more.

2. And where the clerk, in such case, fills up and accepts a bond, in the usual form required in restraining proceeding at law, and conditioned "to pay all costs and moneys due, or to become due, from said complain-

ant in said *suit* or *judgment at law*, and all moneys and costs which shall be decreed against him in case said injunction shall be dissolved," yet it can only be enforced as a bond of indemnity.

SPECIAL TERM.—On general demurrer to the original and amended petition.

The allegations of the original and amended petition are sufficiently stated in the decision.

*T. J. Strait*, for plaintiff.

*Ferguson & Long*, for defendants.

SPENCER, J. The petitition discloses that in the year 1845, the defendant, Montague, filed a bill, in chancery, in the court of common pleas, against the plaintiff's intestate, in which he prayed an injunction, restraining the defendants from disposing of a certain lot of land in Fulton, in said county; that thereupon, an injunction was allowed by one of the judges of that court, restraining the defendants from disposing of said land, until the further order of the court. Said injunction was allowed upon condition that the complainant should give bond, conditioned according to law, in the sum of $500, to abide the further order of the court. That, thereupon, the complainant, Montague, now defendant, in conjunction with his co-defendants, Masson & Pollock, executed a bond in the sum of $500, to the plaintiffs intestate, which, after reciting, the filing of said bill and the allowance of said injunction, is conditioned to become void, in case the said Montague shall prosecute said injunction to effect, and pay all costs and moneys due, or to become due, from said complainant, Montague, in said suit, or judgment at law, and all moneys and costs which should be decreed against him, in case said injunction should be dissolved, otherwise said bond to remain in full force, etc. Petition avers that afterward, such proceedings were had in said cause as that, at the April term, 1855, of the district court, a decree was rendered therein in favor of the present plaintiff, as the representative of said Miller, against said Montague,

ordering, among other things, a dissolution of said injunction, the rescission of a certain contract in regard to said lot, and payment to the plaintiff, of certain moneys and property received by Montague, on account thereof, which were afterward, by further decree of the court, found to amount to $564.23. Petition avers the issuing of an execution upon said decree and its return unsatisfied, etc.; and that the same is still wholly due and unpaid, wherefore a judgment is demanded against the defendants for the amount specified in the bond, being $500.

To this petition a general demurrer was filed, and on hearing before Gholson, J., was sustained, on the ground that the object of the bond was to procure the allowance of the injunction; that the clerk was required to take it, conditioned according to law, and that it was inoperative, or unwarranted, so far as it professed to bind the sureties to the payment of the amount of any decree that might be rendered in favor of the defendant (plaintiff's intestate), but it should have been conditioned to indemnify the defendant against any harm that might be sustained by him by reason of the injunction, or for the payment of any judgment or decree rendered in his favor in respect thereof. This decision seems to me to have been properly made. The only cases in which the law itself expressly points out the condition of the bond, is where the application is made to restrain proceedings at law. Sections 42, 43, 44, and 45, of the chancery practice act, provides for such cases; section 42 requires the court to fix the amount of the bond; section 43 states the condition of the bond, viz., to pay the amount recovered in the judgment at law, and upon the decree in chancery, in case the injunction shall be dismissed. Sections 44 and 45 require the court, in all such cases, i. e., staying proceedings at law, upon the dissolution of the injunction, to render a decree in favor of the plaintiff at law, for the debt and damages recovered at law, and for the interest and costs in chancery, with penalty. In all other cases, the court, etc. (Sec. 50), are authorized to grant injunctions wherever they

are usual in equity, "and to impose such conditions upon the party obtaining it, as shall seem to them equitable." One of these conditions is, the giving of a bond, the terms and amount of which are left to the discretion of the court, or judge, granting the injunction. In the present case, the amount was fixed, but the terms not prescribed; there was simply a direction to give bond, according to law, which must be intended to indemnify the party against the consequences of the order, and nothing more—i. e., against the damage resulting from the injunction. This was all that could be in the contemplation of the judge or the parties.

But the plaintiff has filed an amended petition, in which he sets forth that "his intestate, in his lifetime, and the plaintiff as his administrator, have been injured by means of the allowance of said injunction, as in said petition set forth, and sustained damages on account thereof, in the sum of $603.45, with interest," being the amount of said decree, etc. And to the petition, as amended, the defendants have again demurred.

The injury now complained of, certainly falls within the proper condition of the bond, conceding, as the demurrer does, that the plaintiff has been injured by the allowance of this injunction, in the sum stated, and the plaintiff ought to be reimbursed for it, and have a good cause of action therefor. It is true that the decree itself furnishes no evidence of the amount of this injury, but the plaintiff may as well select that as any other sum, to express his damage. The restraint of lawful right, it seems to me, must imply the receiving of some, at least, nominal damage. But the party thus restrained can recover nothing more than the damage actually proven; and to admit of such proof, the special damage should be alleged; so that, although I feel bound to overrule the demurrer, by reason of the nominal damages sustained by the plaintiff, I can not give the plaintiff judgment for anything more than such nominal damages, etc.